IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ROME

UNITED STATES

VERSUS                               Criminal File No.4:17CR6HLM/WEJ

NILAGEO ALVAREZ-ACOSTA

    Defendant

## MOTION TO SEVER DEFENDANTS
## (BRUTON PROBLEM and "SPILL OVER")

COMES NOW, the Defendant, NILAGEO ALVAREZ ACOSTA (hereinafter Mr. Acosta), pursuant to Federal Rules of Criminal Procedure 14 and 12(b)(5), by and through the undersigned attorney, and hereby moves this Court to sever the trial of his case from that of his codefendants. In support of this motion Mr. Acosta shows as follows:

    1. Mr. Acosta is charged in five (5) counts of a fifteen (15) count superseding criminal indictment herein.

    2. Mr. Acosta is named in the above-styled superseding indictment along with three (3) other co-Defendants, although one might be pleading guilty today.

    3. Several codefendants have given statements which directly or indirectly incriminate Mr. Acosta. Generally, the government will seek to introduce codefendants' statements against a defendant at trial. A problem under *Bruton v. United States*, 391 U.S. 123 (1968), arises in this case if there is a joint trial

between the alleged co-conspirators. The Sixth Amendment to the Constitution of the United States guarantees an individual on trial in a criminal case the right to full and effective cross-examination. If this right to confrontation is hindered, then the Judge, in his sound discretion, must grant a severance. This is particularly true when the government's case against Mr. Acosta includes testimony or statements made by a codefendant.

    4.  In addition, Mr. Acosta's co-defendant may raise defenses which are antagonistic to his. Mr. Acosta should not be compelled to be tried with codefendants when there exists a probability that antagonistic defenses will be raised by them.

    5.  As remedy, Rule 14 of the Federal Rules of Criminal Procedure provides in pertinent part that [i]fit appears that a defendant or the

> government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the Court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Severance is granted if the moving party can demonstrate that a fair trial cannot be had without severance, *United States v. Kendall*, 665 F.2d 126 (7th Cir. 1981), and is among the most important safeguards available to minimize the risk of prejudice. *United States v. Mardian*, 546 F.2d 973, 977 (D.C. Cir. 1976); accord, *United States v. Lane*, 584 F.2d 60 (5th Cir. 1978).

6. In reviewing motions to sever, courts have acknowledged the problems inherent in the trials of cases involving numerous defendants. In fact, the Supreme Court has recognized that "the liberal rules of evidence and the wide latitude accorded the prosecution may, and sometimes do, operate unfairly against an individual defendant...." *Glasser v. United States*, 315 U.S. 60, 76 (1942). See also *Spencer v. Texas*, 385 U.S. 554 (1967).

7. The "dangers of transference of guilt" are such that a court should use "every safeguard to individualize each defendant in his relation to the mass." *Kotteakos v. United States*, 328 U.S. 750, 774 (1946). See *Blumenthal v. United States*, 332 U.S. 539, 599-60 (1947); see also *United States v. Kopituk*, 690 F.2d 1189, 1320 (11th Cir. 1982).

8. The government often takes the position that joinder promotes judicial economy, but "joint trial is inappropriate if it sacrifices a defendant's right to a fundamentally fair trial." *United States v. Echeles*, 352 F.2d 892, 896 (7th Cir. 1965). Joinder of defendants may cause a trial to become unfair and prejudicial to each defendant for a number of reasons.

One basic reason is the "spill over" effect found in a trial involving more than one defendant. Such a "spill over" is widely recognized both as to offenses and defendants. Invariably, the evidence against separate defendants will have a different probative value as to each individual defendant. The jury may be unable

to separate the relative innocence or guilt among the defendants charged. This confusion may result in a conviction, not on the basis of the evidence relating to one defendant, but by imputing to that defendant guilt based on the activities of the other alleged conspirator. United States v. Tolliver, 541 F.2d 958, 962 (2nd Cir. 1976). A conviction based upon guilt transference is fundamentally unfair.

9. Additionally, a *Bruton v. United States*, 391 U.S. 123 (1968), problem arises when there is a joint trial between alleged co-conspirators. The Sixth Amendment to the Constitution of the United States guarantees an individual on trial in a criminal case the right to full and effective cross-examination. If this right to confrontation is hindered, then the judge, in his sound discretion, must grant a severance. This is particularly true when the government's case against the defendant includes testimony or statement made by a co- defendant.

10. Simply redacting the statements in the instant case is not sufficient to cure the Bruton problem. See *Gray v. Maryland*, 523 U.S. 185 (1998).

WHEREBY NILAGEO ALVAREZ ACOSTA requests that this Honorable Court grant his motion to sever, and provide him a trial separate from that of his remaining codefendants who have given statements.

This the 2nd day of March, 2018.

                                    Respectfully submitted,
                                    JONES & ERWIN, P.C.

                                    By:__(Giles Jones)_____
                                    Attorney for Defendant,
                                     **NILAGEO ALVAREZ-ACOSTA**

P.O. Box 1147
Calhoun, GA 30703-1147
706.625.2233
giles@jones-erwin.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have served this day a copy of the **MOTION TO SEVER DEFENDANTS (BRUTON PROBLEM and "SPILL OVER")** by electronic filing.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Access to this filing is available through the Court's electronic filing system.

Deshene Cooper, AUSA
Suzette Smikle, AUSA
United States Attorney's Office
600 Richard B. Russell Building
75 Ted Turner Drive SW
Atlanta, GA 30303
dashene.cooper@usdoj.gov
suzette.smikle@usdoj.gov

This the 2ND day of March, 2018.

By: _/s/_(Giles Jones)_____
Giles Jones, Attorney at Law