# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME

UNITED STATES

VERSUS                                    Criminal File No.4:17CR6HLM/WEJ

NILAGEO ALVAREZ-ACOSTA

    Defendant

## MOTION FOR DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW Giles Jones, court appointed counsel for Nilageo Alvarez - Acosta (Mr. Acosta), on behalf of himself and moves this Honorable Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. Section 3500, the Jencks Act, the Fifth and Sixth Amendments to the Constitution of the United States, and any other applicable rules and authorities cited herein, for an Order directing the Government to produce and permit Mr. Acosta to inspect, copy or photograph each of the following which are now known to, or in the possession of the Government, or any of its agents, or which through due diligence would or could become known to the Government, its officers, agents, witnesses, or any person having knowledge of this case.

Mr. Acosta would respectfully show the Court that all discovery requested herein is within the custody, control, and or possession of the government or its agents, and that it can not reasonably obtained by Mr. Acosta other than by

compliance by the government or by order of this Court. Further, Mr. Acosta would show that all of the discovery requested herein is essential to the preparation of his defense, as mandated by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and is material to his defense and preparation for hearings on any pending pretrial motion(s). Further, the discovery requested herein is not made for the purpose of delay, and poses no undue burden on the government.

Mr. Acosta request the production of the following, to wit:

1. Mr. Acosta requests that the Court exercise its discretion, as permitted pursuant to the case of *United States v. Ahmad*, 53 F.R.D. 186 (D.C. Pa 1971) to order the government to supply Mr. Acosta sufficiently in advance of trial to enable proper preparation, with a list of all witnesses intended to be called by the government at trial. See also, *United States v. Leichtfuss*, 331 F. Supp. 723 (N.D. Ill. 1971); *Gregory v. United States*, 369 F.2d 185 (D.C. Cir. 1966).

2. In order to properly enable Mr. Acosta to prepare for his defense at trial, and to enable preparation of any and all pre-trial motions, pursuant to the Due Process Clause of the Fifth Amendment to the Constitution of the United States and the right to the effective confrontation and cross-examination under the Sixth Amendment to the Constitution of the United States and under the general authority of *Pointer v. Texas,* 380 U.S. 400 (1965) the following:

(a)  state the name and addresses and, if applicable, the governmental agency of each witness present who allegedly saw any defendant conspire with any other defendant, or engage in any alleged illegal conduct;

(b)  state the names, ranks, positions, and addresses of any and all persons who participated in a search and seizure of any residence, building, vehicle or person involved in this case in any way whatsover;

(c) state the exact location of all observation points utilized during any and all alleged surveillance of the property, vehicle, or persons involved in this investigation, and further, and when and how any observations took place at areas other than said surveillance points;

(d) and state the names and addresses of any and all government agents who participated in any stop, interrogation, of any Defendant in the above-styled action.

3.  Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Mr. Acosta would further request such tangible objects which are in the possession, custody, or control of the govenrment, and which are material to the preparation of his defesne, intended for use by the government as evidence in its case in chief, or belongs to Mr. Acosta.  See also, *United States v. Ross,* 511 F.2d 757 (5th Cir. 1975).  Said tangible objects shall include, but not be limited to, those enumerated in section (a)(1)(C) of the Rule 16 of the Federal Rules of Criminal Procedure.  In addition, such evidence shall include, but not be limited to:

(a) tangible objects obtained from Mr. Acosta's person or effects, including his cell phone seized at the time of his arrest;

(b) tangible objects obtained from the person, any and all effects, residence, or any vehicle belonging to or driven by Mr. Acosta or any of his co-Defendants and or alleged co-conspirators in this case;

(c) any and all documents, instruments, forms or statements of any kind signed or purported to have signed by Mr. Acosta;

(d) any and all documents, instruments, forms or statements of any kind signed or purported to have been signed by any co-Defendant or and or alleged co-conspirator in this case;

(e) all other books, papers, visual or audio recordings, documents, or tangible objects the government plans to offer into evidence in this case;

(f) any and all other books, papers, documents, or tangible objects upon which the government relied in returning the indictment against Mr. Acosta, the discovery of which said objects is necessary to the preparation of his defense;

(g) any and all property in the possession of the government or its agents or seized by the government or its agents belonging or alleged by the government to belong to Mr. Acosta.  Specially, Mr. Acosta would ask the goverment to produce the following pictures that are found on his cell phone in the custody and control of the government's agent, to wit:

    (i) 20161025_211134104 (video);
    (ii) 2159_1477795734026;
    (iii) 2161_1477795721477;
    (iv) 2163_1477795724312;
    (v) 2163_1477795727049;
    (vi) 2163_1476568439952;
    (vii) 2163_1476816864935;
    (viii) IMG_20160928_010243710;
    (ix) IMG_20160928_010251320;
    (x) IMG_20160928_012015607;
    (xi) IMG_20161021_033614730;
    (xii) IMG_20161021_033616336;
    (xiii) IMG_20161021_033619939;
    (xiv) IMG_20161021_033622042;
    (xv) IMG_20161025_211103665; and
    (xvi) IMG_20161025_211154179.

 (h) any and all property in the possession of the government or its agents or seized by the government or its agents belonging or alleged by the government to belong to any co-defendant and or alleged co-conspirator;

 (i) any and all other alleged contraband whatsoever, seized there from, and attributed to the possession of Mr. Acosta and or any other defendants and or conspirators in this case, whether indicted or not;

 (j) any and all charts, maps, or other computations which the government intends to attempt to use at trial or which the government is in possession of and which were made or used during the investigation of this matter of preparation of the indictment.

advanced

4. Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), all material known to the government or which may become known or through due diligence may be learned from the investigative officers, witnesses, or persons having knowledge of his case, which is exculpatory or favorable material or which might serve to mitigate punishment, including any evidence impeaching or contradicting testimony of government witnesses or instructions to government witnesses not to speak with or discuss the facts of this case with defense counsel, the undersigned.

5. A copy of the Alien Registration file held and controlled by the Department of Homeland Security and or any other federal immigration agency for the following alleged vicitms, to wit: "J.A.", "L.H." and or "A.M."

WHEREFORE, Defendant, Nilageo Alvarez - Acosta, respectfully prays that

(a) the Court enter an Order granting all discovery requested in this motion;

(b) that such items of discovery as the government might assert are privileged or otherwise not subject to discovery, be reviewed by this Court <u>in camera</u> and that such discovery determined by the Court to be exempt there from be deposited with the Court for preservation in order to facilitate any necessary appellate review;

(c) that the Defendant be allowed to supplement and amend his discovery request as the disclosure of information provides further basis for relief; and

  (d) that the Defendant be granted such and other and further relief as the Court deems just and necessary.

  This the 5th day of March, 2018.

            Respectfully submitted,
            JONES & ERWIN, P.C.

            By:__(Giles Jones)_____
            Attorney for Defendant,
             **NILAGEO ALVAREZ-ACOSTA**

P.O. Box 1147
Calhoun, GA 30703-1147
706.625.2233
giles@jones-erwin.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have served this day a copy of the **MOTION FOR DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT THEREOF** by electronic filing.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Access to this filing is available through the Court's electronic filing system.

> Dashene Cooper, AUSA
> Suzette Smikle, AUSA
> United States Attorney's Office
> 600 Richard B. Russell Building
> 75 Ted Turner Drive SW
> Atlanta, GA 30303
> dashene.cooper@usdoj.gov
> suzette.smikle@usdoj.gov

This the 5th day of March, 2018.

By: _/s/_(Giles Jones)_____
Giles Jones, Attorney at Law